UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOWARD WELGUS,<br><br>  Plaintiff,<br><br>v.<br><br>TRINET GROUP, INC., et al.,<br><br>  Defendants. | Case No. 15-cv-03625-BLF<br><br>**ORDER GRANTING PLAINTIFF HOWARD WELGUS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>[Re: ECF 17] |

Before the Court is Plaintiff Howard Welgus' unopposed Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel. ECF 17. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for submission without oral argument and hereby VACATES the hearing scheduled for December 10, 2015. For the reasons stated herein, the Court GRANTS Plaintiff's motion.

**I.   BACKGROUND**

On August 7, 2015, Plaintiff Howard Welgus ("Welgus") filed this putative securities class action lawsuit against Defendants TriNet Group, Inc. ("TriNet"), Burton M. Goldfield, and William Porter (collectively, "Defendants"). Compl., ECF 1. Welgus alleges that, from May 5, 2014 to August 3, 2015 ("Class Period"), Defendants issued materially false and misleading statements and concealed material adverse facts regarding TriNet's financial condition and growth prospects. Compl. ¶¶ 1, 7, 8, 33, 42. Welgus alleges that, as a result of these misrepresentations and omissions, "TriNet common stock traded at artificially inflated prices during the Class Period, reaching a high of $37.88 per share on March 3, 2015." *Id.* ¶ 9. Welgus alleges that, after the misrepresentations and omissions became apparent, the prices "fell precipitously," reaching a low of $16.33 per share on August 4, 2015. *Id.* ¶¶ 45, 46. As a result, Welgus filed the instant lawsuit

for violations of the Securities Exchange Act of 1934 on behalf of all persons who purchased or otherwise acquired TriNet common stock during the Class Period. *Id.* ¶ 1.

On October 6, 2015, Welgus filed this motion seeking appointment as lead plaintiff and approval of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class. No other plaintiffs have sought to be named lead plaintiff, and no other law firms have sought to be named lead counsel.

## II.  LEGAL STANDARD

### A.  Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the procedure for selection of lead plaintiff in all private class actions under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3). Pursuant to the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id.* at § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must be published within 20 days of the filing of the complaint. *Id.* It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court must then determine whether that individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id.* If the plaintiff with the largest financial interest satisfies these requirements, he becomes the "presumptively most adequate plaintiff." *Id.; see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that [he] satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732.

### B. Lead Counsel

Under the PLSRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

## III. ANALYSIS

### A. Procedural Requirements

Pursuant to the PSLRA, Welgus published a notice of the pending action on August 7, 2015, the same date that he filed the complaint in this case. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); *see also* O'Mara Decl. Exh. C, ECF 18-3. The notice announced the pendency of this action, listed the claims, specified the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *Id.* Thus, the notice complied with the PSLRA's requirements. *See* 15 U.S.C. § 78u–4(a)(3)(A).

As noted above, Welgus then filed this motion on October 6, 2015, the last day within the 60 day deadline. Welgus has therefore met the statutory notice requirements.

### B. Financial Interest

The Court must next determine whether Welgus qualifies as the most adequate plaintiff. To make this determination, the Court must first consider Welgus' financial interest in the relief sought. *See Cavanaugh*, 306 F.3d at 730.

3

Welgus has submitted a sworn certification establishing that he made seven purchases, totaling 1,453 shares, of TriNet stock over the Class Period. *See* O'Mara Decl. Exh. A, ECF 18-1. Welgus also made four sales, totaling 520 shares. *Id.* Welgus' loss over the Class Period amounted to $3,574.72. *Id.*; *see also* O'Mara Decl. Exh. B, ECF 18-2.

Because Welgus was the only movant for appointment as lead counsel and the motion is unopposed, Welgus is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See* Notice of Non-Opposition, ECF 23 at 1. *See also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.,* No. 12-CV-06039-LHK, 2013 WL 2368059, at *3 (N.D. Cal. May 29, 2013) (quoting *Bassin v. Decode Genetics, Inc.,* 230 F.R.D. 313, 316 (S.D.N.Y.2005)) ("Without access to financial information from other parties, the Court is constrained to conclude that the [proposed plaintiff's] alleged loss best qualifies it to serve as lead plaintiff.").

### C. Rule 23 Requirements

Having determined that Welgus is the prospective lead plaintiff with the greatest financial stake in this litigation, the Court must next consider whether Welgus satisfies the typicality and adequacy requirements of Rule 23(a).[1] "When the court makes [this] initial determination, it must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims." *Cavanaugh*, 306 F.3d at 730. As such, Welgus need only make a *prima facie* showing that he satisfies the Rule 23 requirements of typicality and adequacy. *See id.* at 731.

In determining whether typicality is satisfied, a Court inquires "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). In this case, like all

---

[1] Federal Rule of Civil Procedure 23(a) sets forth four requirements for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. Fed. R. Civ. P. 23(a). At the appointment of lead plaintiff stage, courts need only consider typicality and adequacy, as the failure to satisfy numerosity or commonality would preclude certifying a class action at all. *Cavanaugh*, 306 F.3d at 730 n.5.

4

other members of the purported class, Welgus purchased TriNet stocks during the Class Period, when TriNet's stock prices were allegedly artificially inflated by Defendants' misrepresentations and/or omissions, and Welgus allegedly suffered damages when those misrepresentations and/or omissions came to light. Welgus' claims thus appear to be typical, if not identical, to the claims of other members of the putative class.

The test for adequacy asks whether the lead plaintiff and his counsel "have any conflicts of interest with other class members" and whether the lead plaintiff and his counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there is no indication of conflicts between Welgus and other class members and Welgus' diligence in seeking appointment as lead plaintiff suggests that he and his counsel will prosecute this action vigorously. Thus, Welgus has made a *prima facie* showing of typicality and adequacy, as required at this stage, and the Court finds that Welgus qualifies as the presumptively most adequate plaintiff under the PSLRA.

### D. Opportunity to Rebut

Welgus' motion is unopposed and no member of the purported plaintiff class has provided proof that Welgus "will not fairly and adequately protect the interests of the class" or that Welgus "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, the Court APPOINTS Welgus to serve as lead plaintiff.

### E. Lead Counsel

No parties have objected to Welgus' selection of Robbins Geller as counsel. The Court has reviewed the firm's resume, O'Mara Decl. Exh. D, and is satisfied that Welgus has made a reasonable choice of counsel. Accordingly, the Court APPROVES Welgus' selection of Robbins Geller as lead counsel.

**IT IS SO ORDERED.**

Dated: December 3, 2015

_____
BETH LABSON FREEMAN
United States District Judge