**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD WELGUS, | No. 18-15084 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-03625-BLF |
| v. | |
| TRINET GROUP, INC.; BURTON M. GOLDFIELD; WILLIAM PORTER; MARTIN BABINEC; H. RAYMOND BINGHAM; DAVID C. HODGSON; GENERAL ATLANTIC, LLC; KATHERINE AUGUST-DEWILDE; KENNETH GOLDMAN; JOHN KISPERT; WAYNE LOWELL; J.P. MORGAN SECURITIES, LLC; MORGAN STANLEY & CO. LLC; DEUTSCHE BANK SECURITIES, INC.; JEFFERIES, LLC; STIFEL, NICOLAUS & COMPANY, INCORPORATED; WILLIAM BLAIR & COMPANY, LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted March 14, 2019
San Francisco, California

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  M. SMITH, WATFORD, and HURWITZ, Circuit Judges.

Howard Welgus appeals the district court's dismissal of this putative class action under Rule 12(b)(6).  The operative second amended complaint alleged that TriNet Group, Inc., its officers, directors, majority shareholder, and underwriters (collectively "TriNet") made false or misleading statements in connection with an initial public offering ("IPO") and a secondary public offering ("SPO").

We review the dismissal for failure to state a claim *de novo*.  *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  Applying the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(b), we affirm.  *See Or. Pub. Emp. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 604 (9th Cir. 2014).

1. The operative complaint failed to plausibly allege that TriNet made materially false or misleading statements.  At least one statement claimed to be false, that TriNet's "risk management is a core competency," is an opinion, and thus only actionable for "subjective falsity."  *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615 (9th Cir. 2017).  But rather than citing "contemporaneous" evidence that TriNet did not believe this statement to be true when made, the operative complaint refers only to subsequent evidence casting doubt on whether TriNet's subsequent risk management was competent.  Those allegations do not suffice to plausibly allege subjective falsity.  *See Ronconi v.*

*Larkin,* 253 F.3d 423, 432 (9th Cir. 2001).

2. To the extent the operative complaint alleges that statements of fact were untrue when made, it also does not meet the PSLRA heightened pleading standards. Contrary to Welgus' assertions, TriNet did not state that it had access to *data* for all its claims; rather it stated that it received "claims data" and had access to *analytics* on claims. Similarly, the IPO and SPO disclosures state only that TriNet assesses risk on an individual client (employer) basis, not, as Welgus claims, for each individual claim. TriNet's statements that it offered "fully-insured" plans were not misleading, because both disclosures expressly described TriNet's risk exposure. Nor were TriNet's later statements that it did not have aggregate stop losses in place enough to suggest that TriNet did not previously have any stop losses in place, so as to render its earlier statements misleading. Finally, TriNet's CFO's statement that "we are able to predict pretty accurately . . . exactly how we are going to do" was explicitly described as a consequence of "the law of large numbers," and did not suggest that TriNet employed unusual risk management practices.

3. Because the operative complaint failed to plausibly allege any materially false or misleading statements or omissions, the district court did not err in dismissing each of its claims. We therefore need not consider whether the complaint adequately pleaded scienter or whether the claims against the underwriters were barred by the applicable statute of limitations.

**AFFIRMED**.

4